UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


DONALD RAY JOHNSON (#300867)                CIVIL ACTION

VERSUS

JAMES LEBLANC, ET AL.                        NO. 09-0719-RET-CN


### NOTICE

   Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

   In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

   ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

   Signed in chambers in Baton Rouge, Louisiana, March 29, 2010.

                                    _____
                                    **MAGISTRATE JUDGE CHRISTINE NOLAND**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DONALD RAY JOHNSON (#300867)                CIVIL ACTION

VERSUS

JAMES LEBLANC, ET AL.                        NO. 09-0719-RET-CN

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Motions to Dismiss of defendants James LeBlanc, Burl Cain and Joe Lamartiniere, rec.doc.nos. 11 and 26. These motions are opposed.

The pro se plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Secretary James LeBlanc, Warden N. Burl Cain, Ass't. Warden Joe Lamartiniere and Ass't. Warden Troy Poret, alleging that the defendants have subjected him to unconstitutional conditions of confinement, resulting in his sustaining injury on July 7, 2008, when he fell in his cell while trying to climb out of the top bunk. In addition, the plaintiff complains that when he filed an administrative grievance complaining of this incident, defendant Poret retaliated by charging the plaintiff with a false disciplinary report.[1]

On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a Complaint is subject to dismissal if a plaintiff fails "to state a claim upon which relief can be granted." In Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and more recently, in Ashcroft v. Iqbal, ___ U.S. ___, 129

---

[1] Defendant Troy Poret has not joined in the instant motions to dismiss. Instead, defendant Poret has filed a separate motion for summary judgment which shall be addressed in a separate Report and Recommendation.

S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss under Rule 12(b)(6). The Court noted that "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests[.]" Bell Atl. Corp. v. Twombly, supra, quoting Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). See also Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). Notwithstanding, although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, a plaintiff must furnish "more than labels and conclusions" or the "formulaic recitation of the elements of a cause of action" in order to provide the "grounds" of "entitle[ment] to relief." Bell Atl. Corp. v. Twombly, supra. See also Papasan v. Allain, 478 U.S. 265, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). The Court stated that there is no "probability requirement at the pleading stage," Bell Atl. Corp. v. Twombly, supra, but "something beyond ... mere possibility ... must be alleged." Id. The facts alleged in the Complaint "must be enough to raise a right to relief above the speculative level," or must be sufficient "to state a claim for relief that is plausible on its face," Id. (abandoning the "no set of facts" language set forth in Conley v. Gibson, supra). A claim is facially plausible when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, supra. Where a Complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id.

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." Erickson v. Pardus, supra. See also Bell Atl. Corp. v. Twombly, supra. Further, "[a] document filed pro se is to be liberally construed ... and a pro se Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, supra (citations omitted).

The plaintiff alleges in his Complaint that on July 7, 2008, he was climbing out of the top bunk in his cell when his foot slipped on the stainless steel sink which he was using as a ladder step, causing him to fall and sustain injury to his right knee and left ankle. He complains that there is no ladder or other safe means provided for accessing the top bunk of his cell and that when he wishes to exit the bunk, he is forced to either jump down or utilize the cell bars or stainless steel sink and toilet as "pseudoladders". The plaintiff further alleges that he has written to defendants LeBlanc, Cain and Lamartiniere regarding this condition, but has received no response to his complaints. Finally, he asserts that when he thereafter filed an administrative grievance regarding this condition, he was retaliated against by defendant Poret, who charged the plaintiff with a false disciplinary violation, resulting in the plaintiff being sentenced to punitive segregated confinement at Camp J at LSP. As a result of this confinement, he has been required to wear leg irons whenever he is out of his Camp J cell, and this has delayed the healing of his ankle injury and aggravated his medical condition.

In response to the plaintiff's allegations, the appearing defendants assert the defense of qualified immunity. Specifically, the defendants contend that the plaintiff has failed to make sufficient allegations of

conduct on their part which rises to the level of a violation of the plaintiff's constitutional rights.

The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks.  <u>Hale v. Townley</u>, 45 F.3d 914 (5th Cir. 1995).  As enunciated in <u>Saucier v. Katz</u>, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendant's conduct violated the plaintiff's constitutional rights.  Second, the district court looks to whether the rights allegedly violated were clearly established.  This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition.  The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful <u>in the situation which he confronted</u>.  <u>Id.</u>  In the instant case, the defendant asserts that the plaintiff's claim fails in the first instance because the plaintiff has failed to allege facts in the Complaint which would support a finding that the defendant participated in any violation of the plaintiff's constitutional rights.[2]

Undertaking the <u>Saucier</u> analysis, the Court concludes that the defendants' motions are well-taken, and that they are entitled to

---

[2]     The United States Supreme Court has recently held that rigid chronological adherence to the <u>Saucier</u> two-step methodology is no longer mandatory.  <u>Pearson v. Callahan</u>, ___ U.S. ___, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009).  Although the <u>Saucier</u> methodology will be "often beneficial", the <u>Callahan</u> Court leaves to the lower courts discretion as to the order in which they may wish to address the two prongs of the qualified immunity analysis.

qualified immunity in connection with the plaintiff's claims asserted against them herein.

Initially, it is unclear from the allegations of the plaintiff's original and Amended Complaints whether he has sued the defendants in their individual and/or their official capacities. However, in light of the liberality with which this Court interprets the pleadings of pro se litigants, <u>Haines v. Kerner</u>, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), the Court interprets the plaintiff's Complaint as naming the defendants in both capacities.[3] Notwithstanding, § 1983 does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. Neither a State, nor its officials acting in their official capacities, are "persons" under § 1983. <u>Will v. Michigan Department of State Police</u>, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Thus, it is clear that the plaintiff fails to state a claim under § 1983 against the defendants in their official capacities.

Turning to the plaintiff's claims asserted against the appearing defendants in their individual capacities, the plaintiff asserts that the absence of ladder-access to the top bunk in his cell amounts to an unconstitutional condition of confinement in violation of his Eighth Amendment constitutional right to be free from cruel and unusual punishment. In this regard, however, it is well-settled that the United States Constitution imposes upon prison officials only minimal requirements in the treatment and facilities which they provide to prisoners. <u>Farmer v. Brennan</u>, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d

---

[3] In addition, the plaintiff makes clear in supplemental pleadings that he intended to named the defendants in both their individual and their official capacities. <u>See</u> rec.doc.nos. 16 and 18.

811 (1994). A constitutional violation occurs only when two requirements are met. First, there is the objective requirement that the condition "must be so serious as to 'deprive prisoners of the minimal civilized measure of life's necessities,' as when it denies the prisoner some basic human need." Harris v. Angelina County, Texas, 31 F.3d 331 (5th Cir. 1994), citing Wilson v. Seiter, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). Second, under a subjective standard, the Court must determine whether the prison official responsible for the deprivation was "'deliberately indifferent' to inmate health or safety". Farmer v. Brennan, supra (the official must both be aware of facts from which the inference may be drawn that substantial risk of serious harm exists, and he must also draw the inference). The deliberate indifference standard may appropriately be applied to the plaintiff's allegations regarding his conditions of confinement. Woods v. Edwards, 51 F.3d 577 (5th Cir. 1995); Wilson v. Seiter, supra.

In the instant case, there is no indication that, by failing to provide ladder-access to the plaintiff's top bunk, the defendants have been deliberately indifferent to his health or safety or that they have deprived him of any basic human need. The most which the plaintiff has alleged is that, because of the absence of a ladder, he is required to utilize the cell bars or the sink and toilet adjacent to his bed as a means of accessing the top bunk. Although he asserts that he has addressed correspondence to the defendants, both before and after the accident, complaining of the absence of ladders and requesting either an assignment to a lower bunk or a transfer to a housing unit equipped with ladders, this does not sufficiently assert a claim of deliberate indifference against the defendants. Simply put, in the Court's view, the failure of prison officials to equip the plaintiff's bunk with a ladder simply does not amount to the deprivation of "a minimal civilized measure of life's necessities." See, e.g., Armstrong v. Terrebonne

Parish Sheriff, 2006 WL 1968887 (E.D. La., June 6, 2006)(holding that the United States Constitution does not require ladders for bunk beds and that, where there was a swivel chair and table to step on, there was "[a] reasonable means of getting into the top bunk, if the inmate would have taken reasonable care for his own safety)". See also Connolly v. County of Suffolk, 533 F.Supp.2d 236 (D. Mass. 2008)(absence of ladders for bunk beds did not amount to the deprivation of a "minimal civilized measure of life's necessities"); Wilson v. State, 2002 WL 31499736 (W.D. Va., May 6, 2002)(holding that, notwithstanding plaintiff's diagnosed knee condition and complaint of prior falls, "the lack of ladders ... in the jail cells does not constitute a dangerous condition in and of itself"). Accordingly, in the Court's view, this condition may not reasonably be characterized as a deliberate deprivation of a single identifiable human need, or as a condition which placed the plaintiff's health or welfare in imminent danger which the defendants were aware of yet ignored. Farmer v. Brennan, supra. In the absence of any allegation of knowledge or awareness on the defendants' part that the plaintiff was unable to negotiate the alleged hazardous condition through the use of reasonable care on his part, the plaintiff's claims sound more in the nature of a claim of negligence which is not actionable under § 1983. Oliver v. Collins, 904 F.2d 278, 281 (5th Cir. 1990); Thompkins v. Belt, 828 F.2d 298, 303-04 (5th Cir. 1987). For this reason, the defendants are entitled to qualified immunity in connection with this claim, and the motions to dismiss should be granted, dismissing the plaintiff's claim asserted against them.[4]

---

[4] Although not asserted in the original Complaint, the plaintiff's supplemental Complaint, rec.doc.no. 7, asserts that he is an epileptic and so should never have been assigned to an upper bunk. While this contention may have superficial appeal, there is no allegation made by the plaintiff and no suggestion in the record that the fall of July 7, 2008, was in any way caused or contributed

RECOMMENDATION

It is recommended that the Motions to Dismiss of defendants James LeBlanc, Burl Cain and Joe Lamartiniere, rec.doc.nos. 11 and 26, be granted, dismissing the plaintiff's claims asserted against these defendants, with prejudice, for failure of the plaintiff to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and that this matter be referred back for further proceedings in connection with the plaintiff's claim asserted against defendant Troy Poret.

Signed in chambers in Baton Rouge, Louisiana, March 29, 2010.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

to by this medical condition.  Accordingly, there is no causation in fact between plaintiff's alleged medical condition and his fall of the referenced date.