UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**DONALD RAY JOHNSON (#300867)**                         CIVIL ACTION

**VERSUS**

**JAMES LEBLANC, ET AL.**                                NO. 09-0719-BAJ-CN

<u>NOTICE</u>

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in chambers in Baton Rouge, Louisiana, September 10, 2010.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**DONALD RAY JOHNSON (#300867)**                                    CIVIL ACTION

**VERSUS**

**JAMES LEBLANC, ET AL.**                                           NO. 09-0719-BAJ-CN

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Motion for Summary Judgment of defendant Troy Poret, rec.doc.no. 29.  This motion is opposed.

The pro se plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Secretary James LeBlanc, Warden N. Burl Cain, Ass't. Warden Joe Lamartiniere and Ass't. Warden Troy Poret, alleging that the defendants have subjected him to unconstitutional conditions of confinement, resulting in his sustaining injury on July 7, 2008, when he fell in his cell while trying to climb down out of the top bunk.  In addition, the plaintiff complains that when he filed an administrative grievance complaining of this incident, defendant Poret retaliated by charging the plaintiff with a false disciplinary report.  Pursuant to earlier Report and Recommendation in this case, approved by the District Judge on June 8, 2010, see rec.doc.nos. 33 and 35, the plaintiff's claims asserted against defendants James LeBlanc, N. Burl Cain and Joe Lamartiniere have been dismissed.

Defendant Troy Poret now moves for summary judgment relying upon the pleadings, a Statement of Undisputed Facts, a disciplinary report dated August 26, 2008, charging the plaintiff with "Defiance", pertinent excerpts from the plaintiff's administrative remedy proceedings, and the

affidavits of Tara Bonnette and defendant Troy Poret.[1]

Summary judgment is appropriate where there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law.  Rule 56, Federal Rules of Civil Procedure.  Supporting affidavits must set forth facts which would be admissible in evidence.  Opposing responses must set forth specific facts showing that there is a genuine issue for trial.  Rule 56(e), Federal Rules of Civil Procedure.

As pertinent to the claims remaining before the Court, the plaintiff alleges in his Complaint that after sustaining a fall in his cell on July 7, 2008, he filed an administrative grievance complaining of the absence of a ladder or other safe means of accessing the upper bunk in his cell.  Thereafter, on August 26, 2008, defendant Troy Poret came to the plaintiff's cell and allegedly threatened the plaintiff with harm if the plaintiff did not voluntarily withdraw the grievance.  When the plaintiff refused, defendant Poret charged the plaintiff with a false and retaliatory disciplinary report, accusing the plaintiff of having cursed and threatened the defendant.  The plaintiff complains that, as a result of this disciplinary charge, he was sentenced to punitive segregated confinement at Camp J at LSP, where he has been required to wear leg irons whenever he is out of his cell.  This has delayed the healing of the ankle injury which he sustained in the fall on July 7, 2008, and he now walks with a permanent limp.

---

[1] Although the exhibits attached to the defendants' Motion for Summary Judgment have not been independently certified as true and correct copies, all of these exhibits are excerpts from the plaintiff's administrative remedy proceedings and medical records which were previously filed into the record of this proceeding and which were certified at that time, pursuant to the affidavits of Rhonda Z. Weldon and Tary Bonnette as being "true and exact copies" of the original documents maintained in the normal course of business by the Department of Public Safety and Corrections.  See rec.doc.nos. 15 and 23.

In response to the plaintiff's assertions, the defendant first seeks dismissal of the plaintiff's claim for monetary damages asserted against the defendant in the defendant's official capacity.  Although the defendant correctly points out that the plaintiff's Complaint is unclear as to whether he has named the defendant in the defendant's individual and/or official capacity, in light of the liberality accorded to the pleadings of pro se petitioners, <u>Haines v. Kerner</u>, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), this Court interprets the plaintiff's allegations as asserting a claim against the defendant in both capacities.  Notwithstanding, § 1983 does not provide a federal forum for a litigant who seeks recovery of monetary damages against either a State or its officials acting in their official capacities, which officials are not seen to be "persons" under § 1983.  <u>Will v. Michigan Department of State Police</u>, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).  Thus, it is clear that the plaintiff fails to state a claim for monetary damages under § 1983 against the defendant in the defendant's official capacity, and the defendant's motion should be granted in this regard.[2]

Turning to the plaintiff's claims asserted against the defendant in the defendant's individual capacity, the Court first concludes that, to

---

[2] In contrast, a suit against a state official in his individual or personal capacity, seeking to impose <u>individual</u> liability upon a government official for actions taken by the official under color of state law, is not treated as a suit against the state.  <u>Hafer v. Melo</u>, 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991).  Thus, a showing by the plaintiff that a defendant state official, acting individually and under color of state law, has caused the deprivation of the plaintiff's federal rights, is enough to establish personal liability in a § 1983 lawsuit.  <u>Id.</u>  Further, a state official in his or her official capacity, when sued for <u>injunctive</u> relief, is not a prohibited defendant because official capacity actions for prospective relief are not treated as actions against the state.  <u>Will v. Michigan Department of State Police</u>, 491 U.S. 58, 71, 109 S.Ct. 2304, 2311, 105 L.Ed.2d 45 (1989).  <u>See also</u> 15 Am.Jur.2d Civil Rights § 101.

the extent that the plaintiff's Complaint may be interpreted as asserting a claim that defendant Poret was deliberately indifferent to the plaintiff's health or safety by failing to provide a safe means of access to the upper bunk in the plaintiff's cell or by failing to assign the plaintiff to a lower bunk, this claim is subject to dismissal for the same reasons as were given by the Court in its prior recommendation that the plaintiff's claim in this regard, asserted against defendants LeBlanc, Cain, and Lamartiniere, be dismissed.  See rec.doc.nos. 33 and 35.  Specifically, as stated therein, and notwithstanding the plaintiff's assertion that he complained to the defendants prior to his fall regarding the absence of a ladder, "the failure of prison officials to equip the plaintiff's bunk with a ladder simply does not amount to the deprivation of 'a minimal civilized measure of life's necessities.'" See Armstrong v. Terrebonne Parish Sheriff, 2006 WL 1968887 (E.D. La., June 6, 2006); Connolly v. County of Suffolk, 533 F.Supp.2d 236 (D. Mass. 2008); and Wilson v. State, 2002 WL 31499736 (W.D. Va., May 6, 2002).  Accordingly, the Court concluded that the absence of a ladder in the plaintiff's cell "may not reasonably be characterized as a deliberate deprivation of a single identifiable human need, or as a condition which placed the plaintiff's health or welfare in imminent danger which the defendants were aware of yet ignored."  See Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).  For the same reason, the Court now finds that the plaintiff's claim asserted against defendant Poret in this regard is equally subject to dismissal.

Turning to the plaintiff's claim regarding threats of harm made by defendant Poret against the plaintiff, the law is clear that allegations of threats and verbal abuse alone do not present claims of constitutional dimension under § 1983.  "Mere threatening language and gestures of a custodial officer do not, even if true, amount to a constitutional

violation." McFadden v. Lucas, 713 F.2d 143 (5th Cir.), cert. denied, 464 U.S. 998, 104 S.Ct. 499, 78 L.Ed.2d 691 (1983); Burnette v. Phelps, 621 F.Supp. 1157 (M.D. La. 1985); Johnson v. Glick, 481 F.2d 1028, 1033 n.7 (2nd Cir. 1973).  Accordingly the plaintiff's assertion that defendant Poret subjected the plaintiff to verbal threats is insufficient to state a claim of constitutional dimension and must be dismissed.

Turning next to the plaintiff's assertion that defendant Poret subjected the plaintiff to a retaliatory disciplinary charge on August 26, 2008, the Court finds that there are disputed questions of fact regarding this claim and that the defendant's motion for summary judgment should be denied in connection therewith.  In this regard, the plaintiff has provided his sworn assertion that, after he filed an administrative grievance in July, 2008, he was approached by defendant Poret on August 26, 2008, and explicitly threatened with harm if the plaintiff did not voluntarily withdraw the referenced grievance.  When the plaintiff refused to drop the referenced grievance, the defendant charged the plaintiff on that date with a violation of prison rules, specifically with having cursed and threatened the defendant.  The plaintiff asserts that this charge was completely false and that the plaintiff at no time cursed or threatened defendant Poret.

Although the filing of a false disciplinary charge against an inmate is not a violation of the inmate's constitutional rights, see Collins v. King, 743 F.2d 248 (5th Cir. 1984), the filing of such a charge in retaliation for the inmate's exercise of his constitutional rights is itself a violation of the inmate's constitutional rights.  Ruiz v. Estelle, 679 F.2d 1115 (5th Cir.), opinion amended in part and vacated in part, 688 F.2d 266 (1982), cert. denied, 460 U.S. 1042, 103 S.Ct. 1438, 75 L.Ed.2d 795 (1983); Gibbs v. King, 779 F.2d 1040 (5th Cir.), cert. denied, 476 U.S. 1117, 106 S.Ct. 1975, 90 L.Ed.2d 659 (1986).

Specifically, prison officials are not allowed to retaliate against an inmate because of the inmate's exercise of his First Amendment right to complain to supervisory officials about the alleged wrongful conduct of prison security officers. Ruiz v. Estelle, supra. However, inasmuch as claims of retaliation are not favored, it is the plaintiff's burden to provide more than mere conclusory allegations of retaliation:

> To state a claim of retaliation an inmate must ... be prepared to establish that but for the retaliatory motive the complained of incident ... would not have occurred. This places a significant burden on the inmate.... The inmate must produce direct evidence of motivation or, the more probable scenario, allege a chronology of events from which retaliation may plausibly be inferred.

Woods v. Smith, 60 F.3d. 1161 at 1166 (5th Cir. 1995), cert. denied, 516 U.S. 1084, 116 S.Ct. 800, 133 L.Ed.2d 747 (1996). Further, in order to sustain a showing of a constitutional violation, the plaintiff must assert more than a de minimis or inconsequential "retaliatory adverse act." Morris v. Powell, 449 F.3d 682 (5th Cir.), cert. denied, 549 U.S. 1038, 127 S.Ct. 596, 166 L.Ed.2d 443 (2006).

Applying the foregoing standard, it appears that there are disputed questions of material fact which prevent the grant of summary judgment in connection with this claim. Specifically, the plaintiff's sworn assertions include both direct evidence of retaliatory motivation (in the form of the defendant's alleged explicit threats and statements) and a chronology of events permitting the inference that the August 26, 2008 disciplinary report was issued in direct response to the plaintiff's refusal to voluntarily withdraw his grievance. The plaintiff has alleged that defendant Poret came to the plaintiff's cell to discuss the plaintiff's grievance on that date – a fact which is conceded by the defendant – threatened the plaintiff with harm if the plaintiff refused to withdraw the grievance, and issued the complained-of disciplinary

report directly in response to the plaintiff's refusal.  Further, the plaintiff has attested that he at no time cursed or threatened defendant Poret and so gave no cause whatever for issuance of the referenced disciplinary charge.  Although the defendant asserts that the disciplinary charge was not retaliatory in nature, this is a factual issue, involving a credibility determination, which the Court is unable to resolve on motion for summary judgment.  Accordingly, the defendant's motion must be denied with respect to this issue.[3]

Finally, the plaintiff complains that, as a result of the disciplinary report issued by defendant Poret, he was ultimately found guilty and sentenced to Camp J at LSP, where he is required to wear leg shackles whenever he is outside of his cell. According to the plaintiff, this has caused the injury which he sustained to his ankle to fail to heal, and he now walks with a pronounced limp.  In the Court's view, the plaintiff's claim in this regard may not be attributed to defendant Poret.  Defendant Poret did not participate as a member of the disciplinary board which found the plaintiff guilty of the charged offense and had no involvement in determining the plaintiff's resulting

---

[3] The defendant suggests that the plaintiff fails to state a cause of action for retaliation unless he can show that the disciplinary sentence was ultimately terminated in his favor, comparing the plaintiff's retaliation claim to a claim for malicious prosecution (which includes a favorable termination requirement).  The law is clear, however, that favorable termination is not an essential element of a retaliation claim under § 1983.  See Woods v. Smith, 60 F.3d 1161 (5ht Cir. 1995)("favorable termination is not a prerequisite of a retaliatory interference claim.").  The Court also rejects the defendants' argument that the plaintiff's retaliation claim is barred by the doctrine set forth in Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364 (1994).  This Court has previously concluded that Heck, which precludes litigation of a civil rights claim which may impact upon an inmate's length of confinement, does not apply where the prison disciplinary action at issue has resulted only in punishment which does not impact upon such period of confinement.  See, e.g., Muhammad v. Close, 540 U.S. 749, 124 S.Ct. 1303 (2004).

punishment. Accordingly, defendant Poret is not personally responsible for the plaintiff's sentence to confinement in Camp J. Moreover, defendant Poret is not alleged to have had any personal involvement with the plaintiff's medical care or with the treatment provided for the referenced ankle injury. If the plaintiff believed that the wearing of leg shackles was causing an aggravation of his injury, he should have contacted the LSP medical department and requested either alternative restraints or a duty status allowing him to refrain from wearing the leg shackles while his ankle healed. An ankle injury is not a normal or foreseeable consequence of being issued a disciplinary report or of being sentenced to confinement in Camp J. Defendant Poret, therefore, may not be held liable for the plaintiff's alleged injuries resulting from such confinement.

<u>RECOMMENDATION</u>

It is recommended that the Motion for Summary Judgment of defendant Troy Poret, rec.doc.no. 29, be granted in part, dismissing the plaintiff's claim for monetary damages asserted against the defendant in the defendant's official capacity, dismissing the plaintiff's claim regarding an alleged failure to provide safe access to the plaintiff's upper bunk, dismissing the plaintiff's claim relative to alleged verbal threats, and dismissing the plaintiff's claim for injuries resulting from confinement in Camp J at LSP. It is further recommended that this matter be referred back for further proceedings in connection with the plaintiff's claim regarding the issuance of an alleged retaliatory disciplinary report by defendant Poret on August 26, 2008.

Signed in chambers in Baton Rouge, Louisiana, September 10, 2010.

**MAGISTRATE JUDGE CHRISTINE NOLAND**