UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**DONALD RAY JOHNSON (#300867)**                                     CIVIL ACTION

**VERSUS**

**JAMES LEBLANC, ET AL.**                                            NO. 09-0719-BAJ-CN

<u>**NOTICE**</u>

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, January 26, 2011.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DONALD RAY JOHNSON (#300867)                           CIVIL ACTION

VERSUS

JAMES LEBLANC, ET AL.                                  NO. 09-0719-BAJ-CN

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter comes before the Court on the plaintiff's Motion for Summary Judgment, rec.doc.no. 40. This motion is opposed.

The pro se plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Secretary James LeBlanc, Warden N. Burl Cain, Ass't Warden Joe Lamartiniere and Ass't Warden Troy Poret, alleging that his constitutional rights have been violated as a result of the conditions to which he has been subjected at LSP, resulting in his sustaining injury on July 7, 2008, when he fell in his cell while trying to climb out of the top bunk. In addition, the plaintiff complains that when he filed an administrative grievance complaining of this incident, defendant Poret retaliated by charging the plaintiff with a false disciplinary report. Pursuant to earlier Magistrate Judge's Reports in this case, approved by the District Judge on June 8 and October 19, 2010, respectively, see rec.doc.nos. 35 and 41, the plaintiff's claims asserted against defendants James LeBlanc, N. Burl Cain and Joe Lamartiniere have been dismissed, as have all of the plaintiff's claims asserted against defendant Troy Poret except the claim that defendant Poret, in his individual capacity, issued a retaliatory disciplinary report against the plaintiff on August 26, 2008.

The plaintiff now moves for summary judgment relying upon the pleadings, a Statement of Undisputed Facts, the plaintiff's sworn statement, made under penalty of perjury, and a disciplinary report issued by defendant Poret, dated August 26, 2008.

Summary judgment is appropriate where there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. Celotex Corporation v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Supporting affidavits must set forth facts which would be admissible in evidence, and opposing responses must set forth specific facts showing that there is a genuine issue for trial. If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. Anderson, supra.

As pertinent to the claim remaining before the Court, the plaintiff alleges in his Complaint that after sustaining a fall in his cell on July 7, 2008, he filed an administrative grievance complaining of the absence of a ladder or other safe means of accessing the upper bunk in his cell. Thereafter, on August 26, 2008, defendant Troy Poret came to the plaintiff's cell and allegedly threatened the plaintiff with harm if the plaintiff did not voluntarily withdraw the grievance. When the plaintiff refused to withdraw the grievance, defendant Poret charged the plaintiff with a false and retaliatory disciplinary report, accusing the plaintiff of having cursed and threatened the defendant. The plaintiff complains

that, as a result of this disciplinary charge, he was sentenced to punitive segregated confinement in Camp J at LSP.

In response to the plaintiff's assertions, the defendant points to a prior motion for summary judgment in this case, see rec.doc.no. 29, wherein the defendant contested the plaintiff's factual account of the incident complained of and asserted, instead, that the defendant issued the referenced disciplinary report against the plaintiff solely because the plaintiff raised his voice to the defendant, cursed and threatened the defendant, and called the defendant a derogatory name. According to the defendant, the plaintiff's improper conduct warranted the issuance of the referenced disciplinary report, charging the plaintiff with "Defiance". In support of the prior motion for summary judgment, the defendant submitted his own affidavit, explicitly attesting that the referenced disciplinary report was issued against the plaintiff, not because of any retaliatory motive, but only because of the plaintiff's improper conduct. Upon a review of the parties' evidentiary submissions, the defendant's motion for summary judgment was denied, concluding that "there are disputed questions of fact regarding this claim" which precluded the grant of summary judgment. See rec.doc.no. 37.

For the same reasons as were iterated therein, the Court now concludes that the plaintiff's motion for summary judgment should also be denied. As previously stated, although the plaintiff has attested that he at no time cursed or threatened defendant Poret and so gave no cause whatever for issuance of the referenced disciplinary charge, the defendant has explicitly attested that the disciplinary charge was not retaliatory in nature and was issued only in response to the plaintiff's violation of prison rules. These competing sworn assertions create a factual dispute, involving credibility determinations, which the Court is unable to resolve in connection with a motion for summary judgment.

Accordingly, the Court finds that the plaintiff has not adequately carried his initial burden of showing, through the presentation of competent evidence, that there are no genuine disputed issues of material fact and that he is entitled to judgment in his favor as a matter of law. The plaintiff's motion, therefore, should be denied.

### **RECOMMENDATION**

It is recommended that the plaintiff's Motion for Summary Judgment, rec.doc.no. 40, be denied, and that this matter be referred back for further proceedings.

Signed in chambers in Baton Rouge, Louisiana, January 26, 2011.

**MAGISTRATE JUDGE CHRISTINE NOLAND**